# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **TOMAS RAMIREZ POULINO,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v ) | **Case No.: 4:16-cv-8141-VEH** |
| ) | (4:12-cr-242-VEH-HGD) |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on Petitioner Tomas Ramirez Poulino's ("Petitioner" or "Poulino") Motion under 28 U.S.C. § 2255 To Vacate. (Doc. 1).[1] For the reasons set forth below, the Court will deny Petitioner's motion as untimely.

## **I. BACKGROUND**

On July 19, 2012, pursuant to a written plea agreement,[2] Poulino pled guilty to Counts 1, 4, 5, 6, 7, 8, 9, 10, and 11 of an eleven count indictment.[3]

---

[1] Citation to the docket sheet for this proceeding is indicated by "Doc." "Crim. Doc." indicates a citation to the docket of the proceedings which resulted in the convictions underlying Poulino's sentence, *United States v. Poulino*, 4:12-cr-242 (N.D. Ala.).

[2] Crim. Doc. 11.

[3] Pursuant to the plea agreement, at sentencing, the Government moved to dismiss Counts 2 and 3. The motion was granted.

Specifically, he pled guilty to: one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of Possession with Intent to Distribute 5 grams or more of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Seven); three counts of Distribution of Five Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts Four, Five, and Six); one count of Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Eight); one count of Possession of a Gun in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Nine); one count of Possession of a Firearm by an Illegal Alien, in violation of 18 U.S.C. § 922(g)(5) (Count Ten); and one count of Illegal Re-Entry after Deportation, in violation of 8 U.S.C. § 1326(a) (Count Eleven). On November 29, 2012, Poulino was sentenced to the custody of the United States Bureau of Prisons to be imprisoned for a term of 123 months.[4] Neither Poulino nor the Government appealed. Accordingly, his conviction became final 14 days later, on December 13, 2012, when his time to

---

[4] Specifically, the Court sentenced Poulino to be imprisoned for 87 months as to Counts 1,4,5,6,7,8 and 10; 24 months as to Count 11, separately but concurrently with Counts 1,4,5,6,7,8 and 10; and 36 months as to Count 9, to be served consecutively to the sentence imposed in Counts 1,4,5,6,7,8,10 and 11. (Crim. Doc. 23).

file a notice of appeal expired. FED. R. APP. P. 4(b).[5]

On August 5, 2016,[6] Poulino petitioned to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review).[7] Pursuant to this Court's General Order regarding petitions asserting *Johnson*, this Court referred the petition to the Federal Public Defender for the Northern District of Alabama. (Doc. 2). On August 18, 2016, that Office notified the Court that it did not seek appointment in this case, stating: "[u]pon review of Mr. Poulino's case and presentence report, the

---

[5] FED. R. APP. P. 4(b) sets out the deadline for filing an appeal in a criminal case as follows:
  (b) Appeal in a Criminal Case.
    (1) Time for Filing a Notice of Appeal.
      (A) In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
        (i) the entry of either the judgment or the order being appealed; or
        (ii) the filing of the government's notice of appeal.
FED. R. APP. P. 4(b).

[6] The document was filed on August 10, 2016; however, under the "prison mailbox rule," the Court deems it to have been filed on August 5, 2016, the date it was placed in the prison mailbox.

[7] This is Poulino's first § 2255 petition.

FPD cannot advance a good-faith argument that Mr. Poulino is entitled to relief in light of *Johnson*...." (Doc. 3 at 1). On September 21, 2016, the Government filed a Response to the § 2255 Motion. (Doc. 8). It is now ripe for disposition.

## II. ANALYSIS

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). The petitioner bears the burden of proof. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), *cert. denied*, 136 S. Ct. 267, 193 L. Ed. 2d 212 (2015) ("[Petitioner] bears the burden to prove the claims in his § 2255 motion.").

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right

asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applies to AEDPA's statute of limitations).

In its Response to the § 2255 Motion, the Government argues that Poulino's petition is untimely. Initially, the Government argues that Petitioner's motion was filed more than one year from the date on which *Johnson* was decided. (Doc. 8 at 2). It then argues that there is no possibility that *Johnson*'s holding has any impact on Poulino's sentence. (*Id*. at 2-4). The Government next argues that Poulino's "petition in its entirety should be dismissed" because it was filed more than one year after the date his conviction became final and therefore is time-barred under 28 U.S.C. § 2255(f)(1), and Poulino has not show that he is entitled to equitable tolling. (*Id*.). Finally, the Government invokes Poulino's appeal waiver in his plea agreement. (*Id*. at 8).

Because Poulino states that his motion is timely because of the *Johnson* decision (Doc. 1 at 12, ¶ 18), he implicitly argues that his motion is timely under

5

paragraph (f)(3) of Section 2255.[8,9] As the Government points out (Doc. 8 at 2), *Johnson* was decided on June 26, 2015. Accordingly, the one-year period within which to file a *Johnson*-based claim ended on June 27, 2016.[10] Poulino's petition, which was filed on August 5, 2016,[11] was untimely and is due to be denied on that

---

[8] 28 U.S.C. § 2255(f) states:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[9] Although the Court has construed Poulino's *pro se* petition liberally, it does not find any invocation of the principle of equitable tolling. And, even if Poulino had invoked equitable tolling, he has not asserted any facts that support a finding of "extraordinary circumstances" so as to warrant application of that principle to his petition.

[10] One year from the date of *Johnson* occurred on June 26, 2016. However, because June 26th fell on a Sunday, the deadline for Petitioner's motion was extended to June 27, 2016. *See* FED. R. CIV. PRO. 6(a)(1)(C); FED. R. CRIM. PRO. 45(a)(1)(C).

[11] *See* footnote 6, *supra*.

basis.[12]

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court finds that a certificate of appealability in this case is not well-founded, and any application for one is due to be denied. 28 U.S.C. foll. 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*,

---

[12] The Court notes that none of the claims asserted by Poulino could have been asserted successfully under *Johnson*, even if his petition had been filed on or before June 27, 2016.

529 U.S. 473, 484, 120 S .Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Petitioner's motion to vacate, nor could a reasonable jurist conclude that Petitioner should be allowed to proceed further with respect to his claims. *Id*., 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Petitioner is not entitled to a certificate of appealability.

### IV. Conclusion

For the foregoing reasons, the Court hereby finds as follows:

1. Petitioner Tomas Ramirez Poulino's petition to vacate, set aside, or correct his sentence is dismissed as time-barred pursuant to 28 U.S.C. 2255(f)(1).

2. Petitioner is not entitled to a certificate of appealability.

**DONE** and **ORDERED** this the 14th day of June, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge